UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Delaware Life Insurance Company, | No. 2:20-cv-01317-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Debbie Flint, Angelina Neverov, as Executrix for the Estate of Robert Dorton; and DOES 1 to 10, inclusive, | |
| Defendants. | |

    This interpleader action stems from competing claims to death benefits under an annuity contract made by defendants Debbie Flint and Angelina Neverov. Plaintiff Delaware Life moves to be discharged from the action and awarded legal costs and fees. For the following reasons, the court **grants** the motion.

    In 2000, Keyport Life Insurance Company issued an annuity contract to Robert Dorton. Mot. for Discharge at 3, ECF No. 12. In 2003, Keyport merged with Sun Life Assurance Company of Canada, which changed its name to Delaware Life Insurance Company in 2014. *Id*.

    In November 2008, Dorton designated Debbie Flint as the primary beneficiary of the annuity contract, a decision he confirmed in July 2019. *Id*. In November 2019, Dorton died. *Id*. On January 10, 2020, Delaware Life sent Flint a claim packet. *Id.* at 4. Later that month, Angelina Neverov, acting as Executrix for Dorton's Estate, contacted Delaware Life and

1    expressed concerns regarding the beneficiary designation and requested Delaware Life not

2    process the claim by Flint without additional review.  *Id.*; Compl. ¶ 16, ECF No. 1.

3          On July 1, 2020, Delaware Life filed this interpleader action.  Compl., ECF No. 1.

4    Delaware Life then moved to deposit funds representative of the policy benefits plus interest,

5    $227,098.27, with the court.  Mot. to Deposit Interpleader Funds, ECF No. 5.  The assigned

6    Magistrate Judge granted the motion, Order, ECF No. 6, and the money was deposited into the

7    court's registry.  Notice of Deposit, ECF No. 7.

8          Delaware Life now moves to be discharged and dismissed from this action with prejudice

9    and awarded $9,378 for its attorney's fees and costs.  Mot. for Discharge, ECF No. 12.  The court

10   submitted the motion on the papers.  Minute Order, ECF No. 13.  Defendants never filed an

11   opposition; nevertheless, Delaware Life filed a reply.  Reply, ECF No. 15.

12         The court first considers whether Delaware Life can be discharged and dismissed.

13   Interpleader actions are permitted when a stakeholder faces multiple claims to a single fund.  *Lee*

14   *v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir.2012).  "If an interpleader action is

15   properly brought and the funds have been deposited with the court, a court should readily

16   discharge a stakeholder absent bad faith or delay by the stakeholder."  *Metro. Life Ins. Co. v.*

17   *Billini*, No. 06-02918, 2007 WL 4209405, at *2 (E.D. Cal. Nov. 27, 2007); 28 U.S.C. § 2361

18   (district courts "may discharge the plaintiff from further liability" in interpleader actions).

19   Delaware Life properly brought this interpleader action.  Delaware Life is a disinterested

20   stakeholder and deposited the total amount of funds at issue with the court; therefore the court

21   finds it should be dismissed from this action and discharged from further liability.

22         The court thus turns to Delaware Life's request for fees and costs.  The court may award

23   fees and costs to disinterested stakeholders.  *Gelfgren v. Republic National Life Ins. Co.*, 680 F.2d

24   79, 81 (9th Cir. 1982).  "Attorneys' fees in an interpleader action are usually appropriate when

25   '(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has

26   deposited the disputed funds into court, and (4) has sought a discharge from liability.'"  *Fid. Nat.*

27   *Title Co. v. U.S. Small Bus. Admin.*, No. 13-02030, 2014 WL 6390275, at *4 (E.D. Cal. Nov. 13,

28   /////

2014) (quoting *Sun Life Assur. Co. of Canada v. Chan's Estate*, No. 03-2205, 2003 WL 22227881, at *3 (N.D. Cal. Sept. 22, 2003)).

The district court has discretion over "[t]he amount of fees to be awarded in an interpleader action." *Trs. of Dirs. Guild of Am-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000). "The test for determining attorneys' fees in an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in . . . other contexts . . . . In an interpleader action, the broad rule is reasonableness." *Sun Life Assur. Co. of Canada v. Bew*, 530 F. Supp. 2d 773, 776 (E.D. Va. 2007) (quoting *Sun Life v. Grose*, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006) (citation omitted) (internal quotation marks omitted)). "Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions." *Tise*, 234 F.3d at 426–27. "[B]ecause the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.* at 427. Thus, fee awards in interpleader actions are typically modest. *Id*. Plaintiff's counsel bears the burden of establishing entitlement to attorneys' fees by "identify[ing] the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437, n. 12 (1983).

Here, Delaware Life seeks $9,378 for attorney's fees and costs. Mot. for Discharge at 1. The motion is accompanied by a declaration of plaintiff's counsel averring the award is reasonable. Tsui Decl., ECF No 12-1. Specifically, Delaware Life seeks the award to compensate for time and resources spent preparing and filing the Complaint, the Motion to Deposit Interpleader Funds and the Motion for Discharge. *Id*. ¶ 4; *Tise*, 234 F.3d at 426–27 ("Compensable expenses include, for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action.").

/////

There is no policy concern that the relatively minimal award requested here will deplete the $227,098.27 fund.  *See Chase Inv. Servs. Corp. v. Law Offices of Jon Divens & Assocs., LLC*, No. 099-152, 2010 WL 11597568, at *5 (C.D. Cal. June 10, 2010) ("Absent special circumstances, fee awards to the disinterested stakeholder generally fall below $10,000; the Court has not found any case awarding a fee greater than $30,000.") (collecting cases).  Accordingly, the court finds the fees and costs requested are reasonable.

The court **grants** Delaware Life's motion.

Delaware life is discharged and dismissed from this action with prejudice.

Delaware Life is awarded $9,378 in fees and costs.  The Clerk of the Court is hereby ordered to disburse the amount of $9,378 from the proceeds deposited with the court's registry to Delaware Life Insurance Company, and to mail the disbursement check to: Karen Tsui, Burke Williams and Sorensen, LLP, 444 South Flower Street, Los Angeles, CA 90071.

The court resets the previously vacated Status (Pretrial Scheduling) Conference, ECF No. 20, for May 6, 2021 at 2:30 p.m., with the filing of a joint status report due **fourteen days** prior.

This order resolves ECF No. 12.

IT IS SO ORDERED.

DATED:  March 24, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

4